IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDY GRANT HEARD, § | | |
| TDCJ #1194284, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-09-0749 |
| § | | |
| GEORGE H. GODWIN, *et al.*, § | | |
| § | | |
| Defendants. § | | |

# **MEMORANDUM AND ORDER**

The plaintiff, Lindy Grant Heard (TDCJ #1194284), is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Heard has filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983 and he has attached a short memorandum in support of his claims. Heard appears *pro se* and he seeks leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

I.      **BACKGROUND**

Heard explains that he is currently incarcerated at the Terrell Unit in Rosharon, Texas, as the result of a felony conviction. According to the pleadings and available court records, Heard was convicted pursuant to his guilty plea in cause number 940357, in the 174th Criminal District Court of Harris County, Texas. Heard was charged with arson in that case after he set fire to his ex-wife's house. The trial court accepted Heard's guilty plea and

sentenced him to serve twenty years' imprisonment. The conviction was affirmed on direct appeal in an unpublished opinion. *See Heard v. State*, No. 01-03-01034-CR, 2004 WL 3135234 (Tex. App. — Houston [1st Dist.] Jan. 27, 2004, no pet.).

According to the complaint, Heard sues all of the judges and lawyers who participated in the judgment, direct appeal, and post-conviction review of his conviction, including the Honorable George H. Godwin, the Honorable Brian Rains, appointed defense counsel Floyd Freed, and Assistant District Attorney Donna Wellborn. Heard alleges that these judges and lawyers conspired to violate his right to due process during his criminal proceeding. Heard claims therefore that he is falsely imprisoned pursuant to an "illegal plea agreement."

Liberally construed, Heard contends that his state court conviction was entered without due process in violation of 42 U.S.C. § 1983. Heard insists that the defendants have violated state and federal criminal law and he seeks their arrest, as well as other unspecified relief. The Court concludes that the complaint must be dismissed for reasons discussed below.

## II.  STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is

immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

3

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.  DISCUSSION

Heard appears to seek injunctive relief, damages, and criminal prosecution against the defendants under 42 U.S.C. § 1983 for constitutional deprivations that he allegedly suffered as the result of a state court criminal proceeding. To state a claim under § 1983, a plaintiff must demonstrate (1) a violation of the Constitution or of federal law; and (2) that the violation was committed by someone acting under color of state law. *See Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252-53 (5th Cir. 2005) (internal citations omitted). Heard fails to show that he is entitled to recover any of the relief sought in this case.

### A.  Heard's Request for Criminal Prosecution

Heard alleges that, by enforcing his guilty plea, the defendants engaged in official misconduct, conspired to falsify or tamper with government records, convicted a mentally

incompetent defendant, denied him due process of law, committed aggravated kidnapping, engaged in perjury, and enslaved him in violation of a variety of state and federal penal statutes. To the extent that Heard has lodged claims for violations of the Texas Penal Code, he has no standing to sue for violations of criminal law. In that regard, the Texas Penal Code does not create a private right of action. *See Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App.—Tyler 1996, writ denied); *Spellmon v. Sweeney*, 819 S.W.2d 206, 211 (Tex. App.—Waco 1991, no writ). Likewise, Heard's contention that the defendants violated Texas law is not sufficient to state a claim under 42 U.S.C. § 1983, which requires a plaintiff to demonstrate a constitutional violation.

In addition, to the extent that Heard seeks to initiate criminal charges against the defendants, there is no constitutional right to have someone criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Nor is there a constitutional right to have someone investigated. The decision to charge an individual with criminal violations is solely within the discretion of the district attorney. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (private citizen has no standing to have lawyer disciplined or criminally charged); *Satler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim has right to have another criminally prosecuted). Heard's quest for criminal prosecution is without an arguable basis in law. *See Oliver*, 914 F.2d at 60. Accordingly,

5

these allegations are subject to dismissal for failure to state a claim upon which relief can be granted.

### B.     Heard's Claims for Monetary Damages

To the extent that Heard seeks monetary damages from state judges, it is well settled that judges are entitled to absolute immunity from such claims arising out of acts performed in the exercise of their judicial functions. *See Stump v. Sparkman*, 435 U.S. 349, 355 (1978); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citing *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993)). "Absolute immunity denies a person whose federal rights have been violated by a government official from obtaining any type of remedy, regardless of the conduct." *Beck v. Texas Bd. of Dental Exam.*, 204 F.3d 629, 634 (5th Cir. 2000). Allegations of bad faith or malice do not overcome judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Neither do allegations of procedural errors. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991). Judicial immunity may be overcome only by showing that the actions complained of were nonjudicial in nature or were taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11-12.

The pleadings in this case fall well short of the type of allegations necessary to deprive a judge of absolute immunity. In that regard, Heard does not allege that Judge Godwin or Judge Rains took any actions that were non-judicial or that the actions were done without jurisdiction. Thus, to the extent that Heard seeks monetary damages from defendants who are immune from such relief, his claims are subject to dismissal for this reason.

Likewise, Heard cannot recover monetary damages for alleged violations of his civil rights in connection with his conviction for arson because he does not demonstrate that the conviction has been overturned or set aside. To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Heard concedes in his pleadings that his conviction for arson has not been set aside. Court records confirm that Heard filed a habeas corpus petition to challenge his arson conviction under 28 U.S.C. § 2254, but that his petition was denied on the merits and the case was dismissed with prejudice. *See Heard v. Quarterman*, Civil No. H-07-1670 (S.D. Tex. July 7, 2008). Because Heard's allegations would, if true, necessarily imply the invalidity of his conviction, and perhaps his continued incarceration if the bad check conviction was used to revoke his parole, his civil rights claims are not cognizable under 42 U.S.C. § 1983

7

at this time and his complaint must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

### C. Heard's Claims for Declaratory or Injunctive Relief

To the extent that Heard seeks declaratory or injunctive relief in the form of an order directing the state trial court to vacate his conviction, relief is precluded by the Federal Courts Improvement Act of 1996 ("FCIA"), Pub. L. No. 104-317, Title III, § 309(c), 110 Stat. 3853 (Oct. 19, 1996), which amended 42 U.S.C. § 1983 to narrow the availability of injunctive relief against judicial officers. *See Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003); *Burdine v. Huffman*, 229 F. Supp.2d 704, 707 (S.D. Tex. 2002). The amended portion of the statute provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief *shall not be granted* unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (emphasis added). Heard fails to show that he meets this criteria.[1] Accordingly, the Court concludes that Heard's complaint is frivolous because he has failed to state a claim

---

[1] Heard insists that his criminal conviction for arson must be vacated because he was denied due process, among other things. His claims are actionable, if at all, under the federal habeas corpus statutes found at 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). The Court declines to reclassify this case as a habeas corpus proceeding under 28 U.S.C. § 2254, however, because Heard has already filed one unsuccessful federal habeas corpus petition to challenge his conviction in that case. *See Heard v. Quarterman*, Civil No. H-07-1670 (S.D. Tex.). Thus, a second or successive challenge to the same conviction would require authorization by the Fifth Circuit. *See* 28 U.S.C. § 2244(b).

with an arguable basis in law under 42 U.S.C. § 1983 or to show that he is otherwise entitled to the relief that he requests. Accordingly, his complaint must be dismissed.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's request for leave to proceed *in forma pauperis* is **GRANTED**.

2. The **TDCJ Inmate Trust Fund** is **ORDERED** to deduct funds from the inmate trust account of Lindy Grant Heard (TDCJ #1194284) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice as legally frivolous and for failure to state a claim.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on March 20th, 2009.

_____
Nancy F. Atlas
United States District Judge